| | USDC SDNY |
| --- | --- |
| UNITED STATES DISTRICT COURT | DOCUMENT |
| SOUTHERN DISTRICT OF NEW YORK | ELECTRONICALLY FILED |
| ------------------------------------------------------------X | DOC #: _____ |
| UNITED STATES OF AMERICA | DATE FILED: May 11, 2021 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA

v.

17-CR-512 (KMW)
**OPINION & ORDER**

EDWARD JIMENEZ,

        Defendant.
------------------------------------------------------------X
KIMBA M. WOOD, District Judge:

    Defendant Edward Jimenez, proceeding *pro se*, has moved to reduce his sentence under the federal compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), in light of COVID-19. (ECF No. 674.) The Government opposes the motion. (ECF No. 678.) For the reasons that follow, Defendant's motion is DENIED.

## BACKGROUND

    Defendant was arrested on August 22, 2017 for conspiring to sell large quantities of heroin, cocaine, and crack cocaine as part of the DTO, a large drug-trafficking organization (the "DTO"). (Gov't Opp'n at 1.) On May 13, 2019, Defendant pleaded guilty to conspiring to distribute and possess with intent to distribute 500 grams and more of mixtures and substances containing cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B). (*Id.* at 2.)

    On October 17, 2019, the Court sentenced Defendant to 176 months' imprisonment. (*Id*.) The Court took into consideration the fact that Defendant participated in the conspiracy for a year, acted as both a supplier and wholesaler of drugs, supplied the DTO with large quantities of

drugs, and that law enforcement found a .45-caliber pistol at Defendant's residence. (Sent. Tr. at 17, ECF No. 572; *see* Gov't Opp'n at 2.)

Defendant is currently serving his sentence at FCI Danbury. (Mot. at 1; Gov't Opp'n at 1.) His projected release date is on or about February 20, 2030. (Gov't Opp'n at 3.)

On December 14, 2020, Defendant submitted an application for compassionate release to the Warden of FCI Danbury. (*Id.* at 3, Ex. C; *see* Mot. at 2.) The Warden denied Defendant's request on January 13, 2021. (Gov't Opp'n at 3, Ex. C.)

On February 22, 2021, Defendant filed the present motion. The Government filed its opposition on March 8. Defendant filed a reply on May 10. (ECF No. 696.)

## DISCUSSION

### I. Jurisdiction

The Court lacks jurisdiction to grant Defendant's motion. A notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also Berman v. United States*, 302 U.S. 211, 214 (1937) (applying this rule to a criminal case). Although district courts may correct "clerical errors," they may not make "substantive modifications of judgments" after a notice of appeal has been filed and while the appeal is pending. *United States v. Ransom*, 866 F.2d 574, 575-76 (2d Cir. 1989) (quoting *United States v. Katsougrakis*, 715 F.2d 769, 776 n.7 (2d Cir. 1983)).

Defendant's motion seeks to reduce the term of imprisonment that he is serving. 18 U.S.C. § 3582(c)(1)(A). Because Defendant has appealed the Court's judgment of conviction (ECF Nos. 587-88), however, the term of imprisonment is the very aspect of the case currently pending before the Second Circuit. Granting the motion would thus result in an impermissible

2

substantive modification to the judgment. *See United States v. Martin*, 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020) (Engelmayer, J.) (holding that the court had no authority to grant a motion for compassionate release in light of a pending appeal) (citing *Ching v. United States*, 298 F.3d 174, 180 n.5 (2d Cir. 2002)).

Federal Rule of Criminal Procedure 37 allows a court three options in these circumstances. Rule 37 provides that, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). Because the Court would deny Defendant's motion had the notice of appeal not been filed, the Court reaches the merits here and denies the motion.

## II. Merits

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant. A defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[1] *Id.*

A court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). The court has

---

[1] Defendant's motion is properly before the Court because 30 days have elapsed since the date of Defendant's request to the Warden of FCI Danbury. (Gov't Opp'n at 3, Ex. C; *see* Mot. at 2.)

3

discretion to consider "the full slate of extraordinary and compelling reasons" an inmate presents. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). In light of the COVID-19 pandemic, these reasons may include whether a defendant is at increased risk of suffering serious illness from the virus. *See, e.g.*, *United States v. Jones*, 2020 WL 6131252, at *3 (S.D.N.Y. Oct. 19, 2020) (Swain, J.).

In determining whether to grant a motion for compassionate release, courts must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) (the "sentencing factors"). 18 U.S.C. § 3582(c)(1)(A). Even if extraordinary and compelling reasons for compassionate release exist, courts may deny the motion if the section 3553(a) sentencing considerations outweigh those compelling reasons. *See, e.g.*, *United States v. Butler*, 2020 WL 1689778, at *3 (S.D.N.Y. Apr. 7, 2020) (Engelmayer, J.).

Because Defendant is proceeding *pro se*, the Court construes his motion liberally. *See Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)) ("It is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'").

In his motion, Defendant seeks compassionate release on the ground that he faces a heightened risk of serious illness or death from reinfection[2] with COVID-19 based on his risk factors, namely obesity (Defendant has a body mass index ("BMI") of 31.1) and asserted history of smoking. (Mot. at 4; Gov't Opp'n at 6.) The Court acknowledges that, under Centers for Disease Control and Prevention ("CDC") guidance, former or current cigarette smoking is a risk factor for severe illness from COVID-19. *See* People with Certain Medical Conditions, CDC (updated Feb. 22, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

---

[2] Defendant tested positive for COVID-19 on December 10, 2020. (Gov't Opp'n at 6, Ex. A p. 50; *see* Mot. at 4.)

precautions/people-with-medical-conditions.html. However, although Defendant's medical records show that he has a history of *marijuana* use, they do not indicate that he has a history of smoking *cigarettes*. (Gov't Opp'n at 6 n.6; *see id.* Ex. A.) The Court also acknowledges that the CDC has found that, if an adult is obese (defined as an individual with a BMI of 30 or higher), he has an elevated risk of suffering severe illness from COVID-19. *See* People with Certain Medical Conditions, CDC (updated Feb. 22, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

However, Defendant's actual risk of suffering severe illness from COVID-19 is low. Defendant tested positive for COVID-19 on December 10, 2020; he experienced mild or no symptoms and has since recovered. (*See* Gov't Opp'n at 7 n.7.) In addition, Defendant received a first dose of a COVID-19 vaccine on February 23, 2021 and is expected to be fully vaccinated in the near future. (*Id.* at 6.) Defendant's vaccination, along with his previous infection, mitigates the risk that he would otherwise face if he were to be reinfected with COVID-19. *See United States v. Johnson*, 2021 WL 640054, at *5 (S.D.N.Y. Feb. 18, 2021) (Gardephe, J.). Thus, Defendant has not demonstrated the existence of extraordinary and compelling reasons warranting release.

The sentencing factors also counsel against granting Defendant's motion. Section 3553(a) requires the Court to consider (1) "the nature and circumstances of the offense"; and (2) the need for the sentence imposed (A) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," (B) "to afford adequate deterrence to criminal conduct," and (C) "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1)-(2).

Defendant argues that the sentencing factors weigh in favor of granting release because he acknowledged the seriousness of his offense, has close ties to the community, and has completed various rehabilitation programs. (Mot. at 5.)

These considerations are outweighed by the seriousness of Defendant's crime. The crime that Defendant committed was extraordinarily serious because he supplied and delivered many kilograms of cocaine to the DTO. (Gov't Opp'n at 8.) Defendant also possessed a .45 caliber pistol while working as a supplier for the DTO. (*Id.*)

In light of these circumstances, the Court finds that granting Defendant compassionate release would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from future crimes of Defendant.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release under § 3582(c)(1)(A) is DENIED.

The Clerk of Court is respectfully directed to terminate the Motion at ECF No. 674 and to mail a copy of this Opinion and Order to Defendant.

SO ORDERED.

Dated: New York, New York
       May 11, 2021                                         /s/ Kimba M. Wood
                                                          KIMBA M. WOOD
                                                    United States District Judge