```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  October 31, 2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

UNITED STATES OF AMERICA,

            -against-

Edward Jimenez,

            Defendant.
----------------------------------------------------------X

17-CR-512 (KMW)

**ORDER**

KIMBA M. WOOD, United States District Judge:

       On October 27, 2023, Defendant Edward Jimenez filed a *pro se* letter requesting a 30-day extension to submit a motion for ineffective assistance of counsel.  (ECF No. 747.)  To date, Jimenez has not filed a motion for ineffective assistance of counsel, nor does his request identify any statutes which he intends to cite to seek relief.  (*Id*.)  But because Jimenez is proceeding *pro se*, the Court construes his request liberally[1] and Jimenez's contemplated motion will be classified as a collateral attack to the sentence imposed pursuant to 28 U.S.C. § 2255.  *See Adams v. United States,* 372 F. 3d 132, 134 (2d Cir. 2004) (finding that 28 U.S.C. § 2255 is the proper mechanism for raising a collateral attack on a district court's imposition of a sentence, including when asserting an ineffective assistance of counsel claim).

       The Second Circuit has held that a district court may grant an extension to file a motion pursuant to Section 2255 only if the movant "requests the extension upon or after filing an actual section 2255 motion."  *Green* 260 F. 3d at 82-83; *see also United States v. Leon*, 203 F. 3d 162, 164 (2d Cir. 2000) (per curiam) ("[A] federal court lacks jurisdiction to consider the timeliness of

---

[1] "It is well settled that pro-se litigants are entitled to a liberal construction of their pleadings, which should be read to 'raise the strongest arguments that they suggest.'" *See Green v. United States,* 260 F.3d 78, 83 (2d Cir. 2001) (citing *Graham v. Henderson*, 89 F. 3d, 75, 79 (2d Cir. 1996).

a § 2255 petition until a petition is actually filed.").[2]  The Court cannot construe Jimenez's present request for a 30-day extension to file an ineffective assistance of counsel claim as an "actual" Section 2255 petition because it does not articulate any factual or legal basis for relief pursuant to Section 2255.  *See Green*, 260 F.3d at 84.  In similar circumstances, courts in this district have declined requests to extend the available time for filing a Section 2255 petition.  *See Cromitie v. United States*, 2017 WL 1383982, at *4 (S.D.N.Y. Apr. 7, 2017) (McMahon, J.) (collecting cases).

The Court notes Jimenez has requested an extension because he has "limited and inconsistent access to the materials that will help [him] file the motion" and because he "do[es] not have access to the prosecutors in [his] case … so [he] cannot represent what their position is on this motion." (ECF No. 747.)[3]  If Jimenez wishes to pursue relief pursuant to Section 2255, he must file a petition that contains allegations supporting such a claim.  With that petition, he may also seek additional time to file a supplemental memorandum providing further support for his petition.  A motion pursuant to Section 2255 must be filed one year from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1).  Jimenez's judgment became final when the Second Circuit affirmed his sentence, on December 7, 2022 (ECF No. 734.)

For the reasons set forth above, Jimenez's motion for an extension of the time to file an ineffective assistance of counsel petition is DENIED.  The Clerk of Court is respectfully directed

---

[2] The Court would reach the same result if Jimenez files his contemplated motion pursuant to a form of relief other than a Section 2255 petition.  Article III of the Constitution limits the judicial power of the federal courts to cases or controversies, and federal courts lack the power to render advisory opinions.  *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239 (1937); s*ee also United States Nat'l Bank v. Independent Ins. Agents of Am., Inc.,* 508 U.S. 439, 446 (1993).  Therefore, because there is no active case or controversy for the present extension request the Court lacks jurisdiction -- irrespective of how Jimenez may ultimately file his contemplated ineffective assistance of counsel motion.

[3] Velazquez cites not knowing the government's position on his request as an impediment for filing his petition, however, his petition is not required to state the government's position.  *See* RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, PUB. L NO. 94-426, 90 § 1334 (1977) (amended 2019).

to mail a copy of this Order to Jimenez.

    SO ORDERED.

Dated: New York, New York
       October 31, 2023                            */s/ Kimba M. Wood*
                                                                               KIMBA M. WOOD
                                                           United States District Judge