```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  March 25, 2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Edward Jimenez,

        Petitioner-Defendant.　　　　　　　　　　　17-CR-512 (KMW)
　　　　　　　　　　　　　　　　　　　　　　　　　　23-CV-10830 (KMW)

        v.

United States of America,

        Respondent.

------------------------------------------------------------X

## ORDER DIRECTING MR. JIMENEZ'S ATTORNEY TO FILE AN AFFIDAVIT

KIMBA M. WOOD, United States District Judge:

    Edward Jimenez has moved to vacate, set aside, or correct his sentence pursuant to 28 § U.S.C. 2255 on the ground that his former counsel, Barry Goldberg, Esq., provided ineffective assistance of counsel. (Pet'r's Mot., ECF No. 760.) After reviewing the parties' papers, the Court finds that Mr. Goldberg's testimony is required for the Court to evaluate the motion.

    By making the motion, Mr. Jimenez has waived the attorney-client privilege as a matter of law. Mr. Goldberg is ORDERED to give sworn testimony, in the form of an affidavit, addressing Mr. Jimenez's allegations of ineffective assistance of counsel.

    The Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Mr. Goldberg from disclosing confidential information relating to a prior client even in the absence of a privilege. *See, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010). Mr. Jimenez is ORDERED to execute and return to the Court within 60 days from the date of this Order the enclosed "Attorney-Client Privilege Waiver (Informed Consent)" form ("Waiver"). If the Waiver is not received within 60

days, the Court will deny Mr. Jimenez's § 2255 motion, on the ground that Mr. Jimenez failed to authorize the disclosure of information needed to permit the Court to evaluate his motion.

Once Mr. Jimenez's signed Waiver is received, the Government is ORDERED to serve the signed Waiver on Mr. Goldberg.  Mr. Goldberg must provide his sworn testimony within 60 days after being served with Mr. Jimenez's signed Waiver.

The Clerk is respectfully directed to mail a copy of this Order to Mr. Jimenez.

SO ORDERED.

Dated: New York, New York
March 25, 2024

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Edward Jimenez,

       Petitioner-Defendant.                        17-CR-512 (KMW)
                                                                           23-CV-10830 (KMW)

       v.

United States of America,

       Respondent.

-----------------------------------------------------------X

**Attorney-Client Privilege Waiver (Informed Consent)**

To: Petitioner-Defendant Edward Jimenez

You have made a motion under Section 2255 of Title 28, United States Code, to have your conviction set aside on the ground that you received ineffective assistance from your former lawyer, Barry Goldberg, Esq. (referred to in this form as "your former attorney"). The Court has reviewed your papers and determined that it needs to have a sworn testimonial statement from Counsel in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorney to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorney a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The Court has already issued an Order (copy attached) ordering your former attorney to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion to set aside your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the Court (keeping a copy for your records). The form constitutes your authorization to your former attorney to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about his or her representation of you. However, you should also know that the Court will deny your motion if you do not authorize your former attorney to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, within sixty (60) days from the date of

the Court's Order directing your former lawyer to give testimony. If the Court does not receive this form, signed by you and notarized, within that time, the Court will automatically deny your motion.

NOTARIZED AUTHORIZATION

I have read the Court's Order dated _____ and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney, Barry Goldberg, Esq., to comply with the Court's Order by giving testimony, in the form ordered by the Court, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: _____

_____

Sworn to before me this _____ day of _____, 20___

_____
Notary Public