UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

EDWARD JIMENEZ,

                    Petitioner-Defendant.
----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 13, 2025

17-CR-512 (KMW)
23-CV-10830 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Petitioner Edward Jimenez, proceeding *pro se*, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel. (Pet'r's Mot., ECF No. 757.) The Government opposes Jimenez's motion. (Gov't Opp'n, ECF No. 766.) For the reasons set forth below, Jimenez's motion is DENIED.

## BACKGROUND

Jimenez is currently serving a 176-month sentence for conspiring to distribute and possess with intent to distribute cocaine. Between August 2016 and August 2017, Jimenez was a member of the Guillen drug trafficking organization ("DTO"), which distributed large quantities of heroin, cocaine, and crack in New York and New Jersey. (Presentence Investigation Report ("PSR") ¶¶ 2, 12, 26, ECF No. 494.) Jimenez held a major role in the DTO, supplying cocaine and heroin to the organization. *Id.* ¶ 26. On August 22, 2017, Jimenez was arrested, and law enforcement seized "3.5 kilograms of cocaine, 977 grams of fentanyl and heroin, 897 grams of noscapine (a common cutting agent), three scales and various drug-packaging materials, approximately $466,000 in cash, and a .45 caliber pistol" from his apartment. *Id.* ¶¶ 26, 28.

On May 9, 2019, Jimenez was charged in a superseding indictment with conspiracy to distribute and possess with intent to distribute heroin, cocaine, and crack, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 ("Count One"), and using, carrying, and possessing firearms during and in relation to the drug trafficking conspiracy, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 ("Count Two").  (*Id.* at ¶¶ 1-3; Superseding Indictment (S2), ECF No. 395.)

On May 13, 2019, Jimenez appeared before Magistrate Judge Aaron and pleaded guilty to the lesser included offense of Count One, in violation of 21 U.S.C. § 841(b)(1)(B), pursuant to a plea agreement with the Government.  (PSR ¶ 6; Pet'r's Mot. at 4; Gov't Opp'n at 2.)  The plea agreement stipulated that Jimenez's Sentencing Guidelines range was 168 to 210 months' imprisonment (the "Stipulated Guidelines Range") and was based on an agreed-upon drug weight of at least 50 kilograms of cocaine.  (PSR ¶¶ 7, 89; Plea Agreement at 4; Gov't Opp'n at 8; Plea Tr. at 16:21-17:3, ECF No. 421.)

During his plea allocution, Jimenez swore under oath that he had read the plea agreement and signed the agreement only after discussing it with his attorney.  (Plea Tr. at 15:22-16:5.) Jimenez confirmed that he understood that the Court could sentence him to between 168 and 210 months' imprisonment, with a mandatory minimum of 60 months.  *Id.* at 16:21-17:3.  Jimenez also confirmed that he understood that he would waive his right to appeal his sentence if the Court sentenced him within or below the Stipulated Guidelines Range.  *Id.* at 17:21:25.  The Magistrate Judge accepted Jimenez's guilty plea after concluding that Jimenez "underst[oo]d the nature of the charges against [him] and the consequences of [his] plea" and that his "plea [was] being made voluntarily and knowingly and that there [was] a factual basis for it."  *Id.* at 20:7-14.

On October 17, 2019, the Court sentenced Jimenez to 176 months' imprisonment. (Sent'g Tr. at 18:19, ECF No. 572; J. at 2, ECF No. 571.)  Pursuant to the plea agreement, the Government dismissed Count Two of the indictment.  (Sent'g Tr. at 20:6-8.)  On November 2, 2022, the Second Circuit affirmed the Court's judgment after appellate counsel moved to be relieved as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967).  *See United States v. Jimenez*, 2022 WL 16631282, at *3 (2d Cir. Nov. 2, 2022) (summary order) ("[T]he *Anders* doctrine permits court-appointed appellate counsel to move to be relieved from his or her duties if counsel is convinced, after conscientious investigation, that the appeal is frivolous." (alterations, quotations, and citations omitted)).

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner may move to "vacate, set aside or correct [his] sentence" if he believes his "sentence was imposed in violation of the Constitution or laws of the United States[.]"  28 U.S.C. § 2255(a).  A petitioner may raise an ineffective assistance of counsel claim in a Section 2255 motion.  *See Massaro v. United States*, 538 U.S. 500, 508-09 (2003).  A Section 2255 motion requires a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]"  28 U.S.C. § 2255(b).

To succeed on an ineffective assistance of counsel claim, a petitioner must show that: (1) his counsel's representation "fell below an objective standard of reasonableness" under prevailing professional norms, and (2) this deficient performance "prejudice[d]" the defendant. *United States v. Overton*, 24 F.4th 870, 880 (2d Cir. 2022) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)).  When considering the first prong, courts "strongly presume[ ]

[that counsel] rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment[.]" *Jackson v. Conway*, 763 F.3d 115, 152 (2d Cir. 2014) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011)). With respect to the second prong, courts consider whether there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 153 (quoting *Strickland*, 466 U.S. at 694). In the context of a guilty plea, a defendant must show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005).

Courts need not conduct the *Strickland* inquiry in a specific order. Rather, "[i]f the defendant does not successfully establish either the deficient performance prong or the prejudice prong, the entire claim fails, and the remaining, unaddressed step becomes moot." *United States v. Akintola*, No. 21-CR-472, 2024 WL 1555304, at *7 (S.D.N.Y. Apr. 10, 2024) (Failla, J.) (citing *Strickland*, 466 U.S. at 697)).

## DISCUSSION

Jimenez claims that defense counsel rendered constitutionally deficient representation because he: (1) advised Jimenez that he was pleading to 21 U.S.C. § 841(b)(1)(B), rather than 21 U.S.C. § 841(b)(1)(A), which Jimenez asserts became the basis for a greater Guidelines range at sentencing; (2) erroneously informed Jimenez that the applicable Sentencing Guidelines range would be 57 to 61 months' imprisonment instead of 168 to 210 months' imprisonment; and (3) failed to move to suppress evidence gathered pursuant to search warrants based on information

from an unreliable confidential informant.  (Pet'r's Mot. at 9-12, 14-16, 17-19.)  Before turning

to the merits of Jimenez's motion, the Court addresses whether a hearing is necessary.

**I.    No Hearing is Required to Rule on Jimenez's Section 2255 Motion**

Section 2255 requires a court to grant a hearing "[u]nless the motion and the files and

records of the case conclusively show that the prisoner is entitled to no relief[.]"  28 U.S.C.

§ 2255(b).  Based on the parties' submissions, the Court finds that no hearing is required.

Following Jimenez's submission of his present motion, the Court requested, and Jimenez

consented to, a waiver of attorney-client privilege to obtain an affidavit from his former counsel

regarding his claims.  (*See* Order, ECF No. 768; Attorney-Client Privilege Waiver (Informed

Consent), ECF No. 769.)  Counsel's affidavit responds directly to Jimenez's ineffective

assistance of counsel claims.  (*See* Goldberg Aff., ECF No. 770.)  The record—consisting of the

plea agreement, the plea and sentencing transcripts, the PSR, the parties' sentencing submissions,

and petitioner's and counsel's affidavits—is sufficient to dispose of Jimenez's claims, as

discussed *supra.*

Because additional testimony would not clarify or meaningfully add to the record, the

Court concludes that the parties' written submissions are sufficient to decide Jimenez's motion,

and that no hearing is required.  This "avoid[s] the delay, the needless expenditure of judicial

resources, the burden on trial counsel and the government . . . that would have resulted from a

full testimonial hearing."  *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001).

**II.    Jimenez's Counsel Was Not Ineffective in Connection with His Guilty Plea**

Jimenez asserts that his counsel was ineffective in connection with his guilty plea

because he: (1) advised Jimenez that he was pleading to 21 U.S.C. § 841(b)(1)(B), rather than 21

U.S.C. § 841(b)(1)(A), which Jimenez asserts became the basis for a greater Guidelines range at

sentencing, and (2) erroneously informed Jimenez that the applicable Sentencing Guidelines range would be 57 to 61 months' imprisonment instead of 168 to 210 months' imprisonment. Liberally construed, Jimenez's claims amount to a contention that his guilty plea was not entered into knowingly and voluntarily because he was unaware that the Court could sentence him to more than 61 months' imprisonment.

It is settled law that a guilty plea is invalid if it is not made knowingly and voluntarily. *See Wilson v. McGinnis*, 413 F.3d 196, 198-99 (2d Cir. 2005) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)).  Where a defendant claims that "counsel has misled him as to the possible sentence which might result from a plea of guilty . . . the issue is whether the defendant was aware of actual sentencing possibilities, and, if not, whether accurate information would have made any difference in his decision to enter a plea[.]"  *Ventura v. Meachum*, 957 F.2d 1048, 1058 (2d Cir. 1992) (internal quotations and citation omitted).  In reviewing a Section 2255 motion, a petitioner's "sworn testimony given during a plea colloquy 'carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made.'"  *United States v. Rivernider*, 828 F.3d 91, 105 (2d Cir. 2016) (quoting *United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001)).

Jimenez claims that his counsel led him to believe he was pleading to § 841(b)(1)(B), when instead he was "hood-winked" into pleading to § 841(b)(1)(A), which exposed him to a greater Sentencing Guidelines range.  (Pet'r's Mot. at 10.)  Jimenez asserts that had he known he was pleading to § 841(b)(1)(A), he would have rejected the plea and gone to trial.  *Id.* at 11. Jimenez also claims that his counsel told him that his sentencing range would be 57 to 61 months.  *Id.* at 17.  These arguments are meritless.  Jimenez pleaded guilty to § 841(b)(1)(B), not

§ 841(b)(1)(A).  (Plea Agreement at 1; Plea Tr. at 9:17-10:5.)  As Jimenez acknowledges in his

petition, a defendant who violates § 841(b)(1)(B) can be sentenced anywhere from five to forty

years.  (Pet'r's Mot. at 17.)  Jimenez's sentence of 176 months, or 14 years and 8 months, falls

within that range.  Moreover, Jimenez's sworn plea allocution demonstrates that he read and

understood the contents of his plea agreement and the consequences of pleading guilty, including

that he could face a term of imprisonment as high as 210 months:

> THE COURT: Now, I have before me an original of the plea agreement that
> contains your signature.  Did you sign this plea agreement?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Did you read it before you signed it?
>
> THE DEFENDANT: Yes.
>
> . . .
>
> THE COURT: [P]utting aside the plea agreement, have any understandings or
> promises been made to you concerning the sentence that you will receive?
>
> THE DEFENDANT: No.
>
> . . .
>
> THE COURT: Now I'm going to review some portions of the plea agreement with you.
> It states that you and the government have reached agreement regarding the appropriate
> calculation of your sentence under a part of our law known as the sentencing guidelines,
> and that the stipulated guidelines range is between 168 and 210 months' imprisonment
> with a mandatory minimum 60 months' imprisonment.  Do you understand that?
>
> THE DEFENDANT: Yes.
>
> . . .

(Plea Tr. at 15:22-16:2; 16:12-15; 16:19-17:3.)  In addition, Jimenez confirmed that he

understood his alternatives to entering a guilty plea.  Jimenez confirmed that he understood he

had a right to plead not guilty and proceed to trial, where he would be presumed innocent and the

Government would be required to prove his guilt beyond a reasonable doubt. *Id.* at 13:10-21;
14:24-15:2. Jimenez also confirmed that no one had threatened or forced him to enter into a plea
agreement or to plead guilty. *Id.* at 16:6-11. Jimenez then pleaded guilty. *Id.* at 18:9-14.

The Court declines to credit Jimenez's present self-serving and contradictory statements
because the record establishes that Jimenez entered his plea knowingly and voluntarily, with an
awareness of his actual sentencing possibilities. Even if Jimenez's counsel had assured him that
his Sentencing Guidelines Range would only be 57 to 61 months, Jimenez's ineffective
assistance of counsel claim fails because he pleaded guilty after Magistrate Judge Aaron
explicitly advised him that the Guidelines range would be 168 to 210 months, as stipulated in the
plea agreement.

### III.    Jimenez's Counsel Was Not Ineffective in Failing to Move to Suppress

Jimenez next claims that his counsel was ineffective in failing to move to suppress
evidence obtained pursuant to a search warrant based on information from a confidential
informant who made false statements about various aspects of the investigation. (Pet'r's Mot. at
14-16.) The record directly contradicts this argument. As Jimenez concedes in his reply brief,
his counsel did, in fact, move to suppress evidence in a joint submission with counsel for a
codefendant. (Suppression Mot., ECF No. 213; Pet'r's Reply at 6, ECF No. 767; Goldberg Aff.
at 2.) Abandoning that argument, Jimenez now asserts that "the petition filed was weak and an
exercise in futility" and that the Court "was right to have denied it," while also claiming that
counsel's performance was deficient because Jimenez was not allowed to confront the
confidential informant. (Pet'r's Reply at 6-7.)

This argument is meritless. Jimenez fails to identify what evidence counsel would have
discovered had he been able to confront the confidential informant, or how the lack of

confrontation prejudiced him.  The outcome of the motion to suppress would not have changed because the Government possessed overwhelming evidence implicating Jimenez, separate and apart from the informant.  As the Court found in its Opinion & Order denying the motion to suppress, the confidential informant's statements were corroborated by wiretaps of Jimenez's phone, physical surveillance by law enforcement, and the evidence uncovered in Jimenez's apartment after his arrest.  (Amended Op. & Order at 12, ECF No. 265.)  Jimenez's ineffective assistance of counsel claim therefore fails because counsel *did* move to suppress evidence derived from search warrants based on information provided by the confidential informant, and additionally moved to dismiss the indictment on similar grounds.  (Goldberg Aff. at 2.)

## CONCLUSION

For the foregoing reasons, Jimenez's motion is DENIED.[1]  Because Jimenez has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.  *See* 28 U.S.C. § 2253.  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this Order would not be taken in good faith and thus Jimenez may not proceed *in forma pauperis* for any such appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to close the pending motion at ECF No. 757 and mail a copy of this Opinion and Order to Jimenez.

SO ORDERED.

Dated: New York, New York
       February 13, 2025

_____/s/ Kimba M. Wood_____
                Kimba M. Wood
         United States District Judge

---

[1] To the extent the Court does not address any particular claim within Jimenez's papers, the Court has considered each claim, and considers each meritless.